## The Pennsylvania Railroad Co. *versus* Cooper.

1. The report of viewers of damages against a railroad company for taking land, &c., bears interest from the time it is filed, although final confirmation may be delayed by exceptions.

2. When there is a final confirmation of the report after exceptions filed, it should be confirmed as of the time of filing, *nunc pro tunc.*

3. A claimant of such damages is in the position of a vendor of land, who is entitled to interest on the purchase-money when the vendee has possession.

May 5th 1868. Before Thompson, C. J., Strong, Read, Agnew and Sharswood, JJ.

Error to the Court of Common Pleas of *Lancaster county :* to May Term 1868, No. 26.

This was an amicable action and case stated, filed September 7th 1867, in which John Cooper was plaintiff and the Pennsylvania Railroad Company defendants.

The following facts appeared in the case :—

Viewers appointed to assess damages sustained by the plaintiff for the taking of his land by the defendants, reported in the plaintiff's favor awarding him $6062.34. The report was confirmed nisi September 17th 1866. Exceptions filed by the company October 17th 1866, were overruled January 19th 1867, and the report absolutely confirmed by the Court of Common Pleas. The proceedings were removed to the Supreme Court and the judgment of the court below affirmed July 3d 1867. The defendants received from the plaintiff, without prejudice, the amount of the award with interest from the date of the absolute confirmation by the court below. The plaintiff claimed that he was entitled to interest between the confirmation nisi, and the absolute confirmation by the court below. For this the suit was instituted. The Court of Common Pleas (Hayes, A. J.) entered judgment for the plaintiff for $123.57, the amount of his claim.

The defendants took a writ of error, assigning for error the entering of this judgment.

*G. F. Breneman,* for plaintiffs in error, cited Acts of 1700,

[Pennsylvania Railroad Co v. Cooper.]

1 Sm. L. 7; April 6th 1859, § 1, Pamph. L. 381, Purd. 561, pl. 6–7; Hoopes v. Brinton, 8 Watts 73; Withers's Appeal, 4 Harris 151; Kelsey v. Murphy, 6 Casey 340; Irvin v. Hazleton, 1 Wright 465; Act of March 27th 1848, Pamph. L. 273 (Penna. Railroad); Penna. Railroad v. Lutheran Congregation, 3 P. F. Smith 449; Penna. Railroad v. Heister, 8 Barr 445; Obermyer v. Nichols, 6 Binn. 162.

*H. M. North* and *N. Ellmaker*, for defendant in error, referred to Acts of 1848, 1859; Irvin v. Hazleton, *supra*; Buckman v. Davis, 4 Casey 211; Philadelphia v. Dyer, 5 Wright 463.

The opinion of the court was delivered, May 14th 1868, by

SHARSWOOD, J.—It is unnecessary, in order to reach the justice of this case, to construe the Act of April 6th 1859, Pamph. L. 381, as applicable to the report of the viewers of damages under the Act of March 27th 1848, Pamph. L. 273. The Act last named says, merely, that "execution may issue thereon as in other cases of debt." It says nothing about interest; if the report is confirmed by the court judgment shall be entered thereon. The Act of 1859 evidently provides for the verdicts of juries in court, in the usual course of the common law. But when the court below confirmed the report of the viewers they might and ought to have entered it, as of the time it was filed, *nunc pro tunc*, and it would then have carried interest from that day. We may consider that as actually done which ought to have been done. It can hardly be made a question that the plaintiff below was entitled to recover interest upon the value of his property taken by the company defendants and appropriated for the purposes of their road, from the time that it was taken. He is in the position of a vendor of land, who has always been held to have a right to interest on the purchase-money where possession has been delivered to the vendee. The viewers, no doubt, allowed him interest up to the date of the report. He has been paid by the company, interest from the time of the final confirmation of it by the court below, including the period during which the cause was delayed by the certiorari from this court. Why shall he not also have interest during the period that the cause was delayed in the court below by the exceptions filed there? No good reason has been or can be given. It would be a reproach to the law if the party were without remedy in such a case.

Judgment affirmed.